UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20435-CR-GAYLES/OTAZO-REYES

UNITED STATES OF AMERICA

vs.

MICHEL ALEU,
MARIA DEL PILAR ALEU,
    a/k/a "Maria Aleu,"
    a/k/a "Maria D. Aleu,"
LESTER LAVIN,
ANISLEYDI VERGEL HERMIDA,
    a/k/a "Anisleydi Vergel,"
YOHANDER JORRIN MELHEN,
    a/k/a "Yohander Jorrin,"
    a/k/a "Yohander J. Melhen,"
MILAGROS MARILE ACOSTA TORRES,
    a/k/a "Milagros Marileisis Acosta Torres,"
    a/k/a "Milagros M. Acosta Torres,"
    a/k/a "Milagros M. Acosta,"
    a/k/a "Milagros M. Torres,"
LEONARDO BETANCOURT, and
YUSMARY SHIRLEY DURAN,
    a/k/a "Yusmary S. Duran Mejia,"

                                              **Defendants.**
_____/

## UNITED STATES' FIRST RESPONSE TO THE STANDING DISCOVERY ORDER

      The United States hereby files this First Response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10 and the Standing Discovery Order.

A.    1.    Enclosed, please find copies of audio\video recordings of: (1) statements made by the defendant Lester Lavin on December 20, 2017, and (2) statements made by the defendant Maria Aleu on March 21, 2019.

2. Attached is the portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent, including:

   a. FBI Report of Investigation regarding interview of Michel Aleu on April 2, 2019;

   b. FBI Report of Investigation regarding interview of Maria Aleu on June 5, 2019;

   c. FBI Transcript regarding interview of Maria Aleu on March 21, 2019;

   d. FBI Transcript regarding interview of Lester Lavin on December 20, 2017; and

   e. FBI Report of Investigation regarding interview of Anisleydi Vergel Hermida on May 28, 2019.

3. No defendant testified before the Grand Jury.

4. The NCIC records of the defendants are attached.

5. Books, papers, documents, photographs, and tangible objects, which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida, 4th floor. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for **September 13, 2019, at 2:00 p.m.** Please call the undersigned with 48 hours' notice if you intend to review the evidence at this date and time.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

Attached is one (1) "thumb drive," which is described in more detail below.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of those materials enumerated in Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the

      scope of *Giglio v. United States*, 405 U.S. 150 (1972), or *Napue v. Illinois*, 360 U.S. 264 (1959).

E.     The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.     Witnesses, including the defendant Maria Aleu, identified certain defendants when shown photographs of the defendants. The instances in which witnesses identified any defendants are recorded in the FBI Reports of Investigation that are contained in the thumb drive provided with this response.

G.     The government has advised its agents and officers involved in this case to preserve all rough notes.

H.     The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.     The defendants Maria Aleu and Lester Lavin are aggrieved persons, as defined in Title 18, United States Code, Section 2510(11). None of the other defendants are aggrieved persons.

J.     The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.     No contraband is involved in this indictment.

L.     The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.     The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.     The defendant Lester Lavin has served the government with his Notice of Request for Disclosure of Expert Witnesses, Their Opinions and Related Information (DE 76). To date, the government has not received any other request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

    To date, the government has not engaged any expert witness.

O.     The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

       The government hereby requests that the defendants stipulate to facts alleged in paragraphs 1 to 17 of the General Allegations in the Indictment.

P.      At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendants and defense counsel.

       The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady*, *Giglio*, *Napue*, and the obligation to assure a fair trial.

       The attachments to this response are contained in one (1) thumb drive, bearing the seal of the United States Department of Justice. The thumb drive is the property of the United States government. The government requests that defense counsel return the thumb drive to the United States Attorney's Office, after they have downloaded the contents. Please contact the undersigned Assistant United States Attorney if the thumb drive is missing.

       Respectfully submitted,

       ARIANA FARJARDO ORSHAN
       UNITED STATES ATTORNEY

By:    /s/ Dwayne Williams
        DWAYNE E. WILLIAMS
        Assistant United States Attorney
        Florida Bar No. 0125199
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        Tel: (305) 961-9163
        Fax: (305) 530-6168
        Dwayne.Williams@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing United States' First Response to the Standing Discovery Order was filed with the Clerk of the Court, via CM/ECF, on this 30th day of August, 2019.

**I FURTHER CERTIFY** that a true and correct copy of the United States First Response to the Standing Discovery Order together with one thumb drive was sent by FedEx courier to counsel for each of the defendants, on the 30th day of August, 2019.

/s/ Dwayne E. Williams
DWAYNE E. WILLIAMS
Assistant United States Attorney